**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| ROGER ROBLES, Individually and On Behalf of All Others Similarly Situated,, | § § § | |
| Plaintiff, | § § | CIV: 1:10-CV-00135 JB/WPL |
| | § | COLLECTIVE ACTION |
| v. | § § | |
| BRAKE MASTERS SYSTEMS, INC., BRAKE MASTERS HOLDINGS NMX, INC., and BRAKE MASTERS OF NEW MEXICO, LLC, | § § § § § § | |
| Defendants. | § § | DEMAND FOR JURY TRIAL |

**FIRST AMENDED COMPLAINT**

Plaintiff, Roger Robles, Individually and on Behalf of all Others Similarly Situated complains of Brake Masters Systems, Inc., Brake Masters Holdings NMX, Inc. and Brake Masters of New Mexico, LLC ("Defendants") and shows as follows:

**II. NATURE OF SUIT**

1.01    Roger Robles ("Plaintiff"), who was formerly employed by Defendants as an assistant store manager, brings suit to recover back pay, liquidated and exemplary damages, and other damages as a result of Defendants' failure to pay assistant store managers overtime wages as required by law.

1.02    Plaintiff brings this action as a collective action under the Fair Labor Standards Act (29 U.S.C. § 201 et seq.) ("FLSA") and as a class action as authorized under N.M.S.A. § 50-4-26(D).

## II. JURISDICTION AND VENUE

2.01    This Court has jurisdiction over Plaintiff's FLSA action pursuant to 28 U.S.C. §1331 (federal question), 28 U.S.C. § 1337 (interstate commerce), and 29 U.S.C. §216(b) (FLSA).  The Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

2.02    This Court is a proper venue for this action under 28 U.S.C. § 1391(b).

## III.  PARTIES

3.01    Plaintiff Roger Robles has, at all time relevant to this action, been a resident of Albuquerque, New Mexico and was employed as an assistant store manager by Defendants within the three-year period immediately preceding the filing of this Complaint.  His written consent to this action, required under the FLSA, is attached as Exhibit "A" to Original Complaint (Document 1).  Roger Robles will serve as the representative plaintiff for the Collective Class and the New Mexico Class as defined below.

3.02    The "Collective Class" is comprised of all persons who are or were employed as assistant store managers, including "floating" managers, at any Brake Masters store in the United States three years prior to the filing of this Complaint through the date of final disposition of this action (the "Collective Class Period").

3.03    The "New Mexico Class" is comprised of all persons who are or were employed as assistant store managers, including "floating" managers, at any Brake Masters store in the State of New Mexico since such persons were originally classified as exempt from overtime compensation through the date of final disposition of this action (the "New Mexico Class Period").

3.04    Defendant **Brake Masters Systems, Inc.** is an Arizona corporation that has transacted business in this judicial district at all times relevant to this action.  This Defendant has appeared and answered.

3.05    Defendant **Brake Masters Holdings NMX, Inc.** is an Arizona corporation that has transacted business in this judicial district at all times relevant to this action.  This Defendant is being substituted as a party for Brake Masters of New Mexico, Inc.  **This Defendant may be served with summons and a true and correct copy of this First Amended Complaint by serving its registered agent for service of process: CT Corporation System, 123 East Marcy St., Santa Fe, New Mexico 87501.**

3.06    Defendant **Brake Masters of New Mexico, LLC** is an Arizona limited liability company that has transacted business in this judicial district at all times relevant to this action.  **This Defendant may be served with summons and a true and correct copy of this First Amended Complaint by serving its registered agent for service of process: Robert A. Fortuno, 250 S. Williams Blvd., #150, Tucson, Arizona 85711**.

3.07    Based on information and belief, each of the Defendants were, at all times relevant to this action, the agent, employee, representative partner, and/or joint venturer of the remaining Defendants and was acting within the course and scope of the relationship.  Based on information and belief, each of the Defendants gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

## IV.  FACTUAL BACKGROUND

4.01    Defendants provide brake and other automotive repairs and services at their stores located in New Mexico, Texas, Arizona, California, and Nevada.

4.02    At these stores, Defendants employ assistant store managers, sometimes referred to as floating managers if they work at more than one store, whose primary duty is to interact with customers, in person or by phone, with a view toward selling automotive repair products and services.

4.03    Defendants require assistant store managers to work significantly more than 40 hours each workweek but compensate them on a salary basis, without additional compensation for overtime hours worked.

## V.  FLSA COLLECTIVE ACTION ALLEGATIONS

5.01    Plaintiff brings this action on behalf of himself and other persons similarly situated as authorized under FLSA, 29 U.S.C. § 216(b). The persons similarly situated are:

> **COLLECTIVE CLASS:** **All persons who are or were employed as assistant store managers, including "floating" managers, at any Brake Masters store in the United States three years prior to the filing of this Complaint through the date of final disposition of this action.**

5.02    Defendants' gross volume of sales exceeds $500,000 per year, exclusive of excise taxes.

5.03    Defendants control the means and methods by which their employees are paid.

5.04    During the relevant time period, each Defendant was an employer engaged in commerce within the meaning of the FLSA.

5.05    Defendants maintain a systematic policy which requires similarly situated employees who were improperly classified as exempt to work more than 40 hours per week without paying them overtime compensation in violation of the FLSA.

5.06    Plaintiff and members of the Collective Class are non-exempt employees under the FLSA who were improperly classified as exempt employees to avoid the requirement to pay overtime at time and one-half their regular hourly rate of pay.

5.07    Defendants know the FLSA is applicable to their employment practices and that their assistant store managers are improperly classified but they still fail to pay overtime.

5.08    Accordingly, Defendants' pattern or practice of failing to pay these employees as required by law was and is in willful violation of the FLSA.

5.09    Moreover, Defendants did not act in good faith or have reasonable grounds for believing they were not required to pay overtime compensation to assistant store managers.

5.10    Plaintiff has actual knowledge that other members of the Collective Class have been denied overtime pay for hours worked over forty hours in a week.

5.11    Plaintiff performed the same or similar work as other members of the Collective Class in the provision of services on behalf of the Defendants.

5.12    Plaintiff and members of the Collective Class were paid in the same manner.

5.13    Plaintiff and other members of the Collective Class are similar in terms of their primary duties, pay structures, and requirement that they work overtime hours without overtime compensation.

5.14    Defendants' failure to pay overtime compensation results from generally applicable policies or practices and does not depend on the personal circumstances of the Plaintiff or other members of the Collective Class.

5.15    Plaintiff's experience is typical of the experiences of other members of the Collective Class.

5.16    The precise job titles of other members of the Collective Class do not prevent collective treatment.

5.17    Although the issue of damages may be individual in character, there remains a common nucleus of liability facts.

## VI. NEW MEXICO MINIMUM WAGE ACT ("MWA") CLASS ACTION ALLEGATIONS

6.01    Plaintiff brings this case for and on behalf of himself and for all other employees similarly situated as authorized by N.M.S.A. 1978, § 50-4-26(D). Those similarly situated are:

> **NEW MEXICO CLASS:** **All persons who are or were employed as assistant store managers, including "floating" managers, at any Brake Masters store in the State of New Mexico since such persons were originally classified as exempt from overtime compensation through the date of final disposition of this action.**

6.02    Defendants maintain a systematic policy which requires similarly situated employees who were improperly classified as exempt to work more than 40 hours per week without paying them overtime compensation in violation of the MWA.

6.03    Plaintiff and members of the New Mexico Class are non-exempt employees under the MWA who were improperly classified as exempt employees to avoid the requirement to pay overtime at time and one-half their regular hourly rate of pay

6.04    Plaintiff has actual knowledge that other members of the New Mexico Class have been denied overtime pay for hours worked over forty hours in a week.

6.05    Plaintiff performed the same or similar work as other members of the New Mexico Class in the provision of services on behalf of the Defendants.

6.06    Plaintiff and other members of the New Mexico Class were paid in the same manner.

6.07    Plaintiff and other members of the New Mexico Class are similar in terms of their primary duties, pay structures, and requirement that they work overtime hours without overtime compensation.

6.08    Defendants' failure to pay overtime compensation results from generally applicable policies or practices and do not depend on the personal circumstances of the Plaintiff or other members of the New Mexico Class.

6.09    Plaintiff's experience is typical of the experiences of other members of the New Mexico Class.

6.10    The precise job titles of other members of the New Mexico Class do not prevent class treatment.

6.11    Although the issue of damages may be individual in character, there remains a common nucleus of liability facts.

## VII.  FIRST CLAIM FOR RELIEF

**Failure to Pay Overtime Compensation in Violation of the FLSA**
**(On Behalf of Plaintiff Roger Robles and the Collective Class)**

7.01    Plaintiff, on behalf of himself and the Collective Class, allege and incorporate by reference the allegations in the preceding paragraphs.

7.02    The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

7.03    During their employment with Defendants, within the applicable statute of limitations, Plaintiff and the Collective Class members worked in excess of forty hours per workweek.

7.04    Despite the hours worked by Plaintiff and the Collective Class members, Defendants willfully, in bad faith, and in knowing violation of the Federal Fair Labor Standards Act, failed and refused to pay them the appropriate overtime compensation for all the hours worked as well as those in excess of forty per week.

7.05    By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the Collective Class, Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

7.06    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

7.07    Plaintiff, on behalf of himself and the Collective Class, seeks damages in the amount of his respective unpaid compensation, including overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interest and costs as allowed by law, pursuant to 29 U.S.C. 21 §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

7.08    Plaintiff, on behalf of himself and the Collective Class, seeks recovery of his attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## VIII.  SECOND CLAIM FOR RELIEF

**Failure to Pay Wages Due in Violation of the New Mexico MWA**
**(On Behalf of Plaintiff Roger Robles and the New Mexico Class)**

8.01    Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

8.02    The New Mexico Minimum Wage Act, N.M.S.A. 1978, §50-4-22(D), provides that an employee shall not be required to work more than forty hours in any week of seven days, unless

the employee is paid one and one-half times the employee's regular hourly rate of pay for all hours worked in excess of forty hours.

8.03   During their employment with Defendants, within the applicable statute of limitations, Plaintiff and the New Mexico Class members worked in excess of forty hours per workweek.

8.04   Despite the hours worked by Plaintiff and the New Mexico Class members, Defendants failed and refused to pay them the appropriate overtime compensation for all the hours worked as well as those in excess of forty per week.

8.05   Plaintiff and the New Mexico Class Members were not paid all wages due to them on their regular paydays, in violation of New Mexico Statute 50-4-1 through 50-4-32.

8.06   Defendants' violations occurred and are occurring as part of a continuing course of conduct as provided by N.M.S.A. 1978, § 50-4-32.

8.07   As a direct and proximate result of Defendants' failure to pay wages, Plaintiff and the New Mexico Class Members have suffered damages in the forms of lost wages and lost use of such wages.

8.08   As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the New Mexico Class members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants, plus an amount equal to twice their unpaid or underpaid wages, interest, attorneys' fees and costs.

## IX.  PRAYER

WHEREFORE, Plaintiff, on behalf of himself and all members of the Collective and New Mexico Classes, prays for relief as follows:

9.01   For the Collective Class:

(a) Designation of this action as a collective action on behalf of the nationwide Collective Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the nationwide Collective Class apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

(b) That Defendants be found to have violated the overtime provisions of the FLSA as to Plaintiff and the Collective Class;

(c) Judgment against Defendants for an amount equal to Plaintiff's and the Collective Class's unpaid back wages at the applicable rate, including the overtime rate;

(d) That Defendants be found to have violated the FLSA by failing to maintain accurate time records of all the hours worked by Plaintiff and the Collective Class;

(e) That Defendants' violations as described above are found to be willful;

(f) An award to Plaintiffs and the Collective Class for the amount of unpaid wages owed and an equal amount as liquidated damages;

(g) An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216;

(h) An award of pre-judgment and post-judgment interest; and

(i) For such other and further relief, in law or equity, as this Court may deem appropriate and just.

9.02  For the New Mexico Class

(a) Certification of the New Mexico Class as a class action authorized by N.M.S.A. 1978, § 50-4-26(D), such that persons fitting class definition are members of the New Mexico Class without the FLSA's requirement of filing an individual consent form;

(b) That Defendants are found to have violated the overtime, and failure to timely pay wages penalty provisions of the MWA cited above as to the New Mexico Class;

(c) That Defendants violations occurred and are occurring as part of a continuing course of conduct as provided by N.M.S.A. 1978, § 50-4-32;

(d) Judgment against Defendants for loss of earnings for hours of overtime worked on behalf of Defendants, plus an amount equal to twice their unpaid or underpaid wages;

(e) An award of reasonable attorneys' fees and costs of the action;

(f) An award of pre-judgment and post-judgment interest;

(g) For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## X.  DEMAND FOR JURY TRIAL

10.1  Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, individually and on behalf of all others similarly situated, demands a trial by jury.

Respectfully Submitted,

THE YOUNG LAW FIRM, P.C.
Jeremi K. Young
12 West 8th Avenue, Suite 900-D
Amarillo, Texas 79101
Telephone: (806) 331-1800
Facsimile: (806) 398-9095
E-mail: jyoung@youngfirm.com

And

LOVELL, LOVELL, NEWSOM & ISERN, L.L.P.
Tim Newsom
112 West 8th Avenue, Suite 1000
Eagle Centre Building
Amarillo, Texas 79101-2314
Telephone: (806) 373-1515
Facsimile: (806) 379-7176
E-mail: tim@lovell-law.net


By:    /s/   Tim Newsom
      Tim Newsom
      State Bar No. 16886

*Attorneys for Plaintiff and Class Members*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 27th day of April, 2010, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court for the District of New Mexico, using the electronic filing system of the Court. The electronic case filing system will send a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Stanley K. Kotovsky, Jr., Esq.
TINNIN LAW FIRM
500 Marquette NW, Suite 1300
Albuquerque, New Mexico 87102

-and-

Tibor Nagy, Jr., Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
6760 North Oracle Road, Suite 200
Tucson, Arizona 85704

**ATTORNEYS FOR DEFENDANTS**

                 By:  /s/   Tim Newsom
                      Tim Newsom